Alice McNAMARA

v.

James E. MALLOY, Individually and as Commissioner of Motor Vehicles of the State of Vermont.

Francis J. GABEL, on behalf of himself and all others similarly situated

v.

James E. MALLOY, Commissioner, Vermont Department of Motor Vehicles; Laura E. Parker, Director of Driver Improvement; and Department of Motor Vehicles, a Department of the State of Vermont.

Civ. A. Nos. 6305, 6328.

United States District Court, D. Vermont.

Nov. 9, 1971.

John A. Dooley, III, Vermont Legal Aid, Inc., Burlington, Vt., for plaintiff Alice McNamara.

J. Morris Clark, Vermont Legal Aid, Inc., St. Albans, Vt., for plaintiff Francis J. Gabel.

Martin Miller, Asst. Atty. Gen., State of Vt., Montpelier, Vt., for all defendants.

## OPINION AND ORDER

LEDDY, Chief Judge.

### I. *Statement of Facts*

Plaintiffs, Alice McNamara and Francis Gabel, were involved in separate automobile accidents. Neither was covered by a liability insurance policy at the time of the accident. The defendant, Vermont's Commissioner of Motor Vehicles,[1] required proof of financial responsibility from both plaintiffs, ordering each of them to purchase motor vehicle liability insurance as required by 23 V.S.A. § 801(a) (Supp.1971).[2] Both

---

1. Although the Commissioner of Motor Vehicles is referred to in this opinion as the defendant, Laura E. Parker, Director of Driver Improvement, and the Department of Motor Vehicles itself are also named defendants in Francis Gabel's action.

2. 23 V.S.A. § 801 (Supp.1971), in pertinent part, states:

   (a) The commissioner shall require proof of financial responsibility to satisfy any claim for damages, by reason of personal injury to or the death of any person, of at least $10,000.00 for one person and $20,000.00 for two or more persons killed or injured and $5,000.00 for damages to property in any one accident, as follows:

   \*     \*     \*     \*     \*

   (3) From the operator of a motor vehicle involved in an accident which has resulted in bodily injury or death to any person or whereby the motor vehicle then under his control or any other property is damaged in an aggregate amount to the extent of $100.00 or more . . ..

plaintiffs allege indigency and contend that they are unable to afford liability insurance. The plaintiffs were not given prior hearings on the issue of fault for the accidents and their licenses were suspended in accordance with 23 V.S.A. § 802(a).[3] The defendant Commissioner of Motor Vehicles is empowered to hold a hearing, but he does not determine fault or possible fault of the operator and disclaims any authority to do so. We are unable to find any statutory authority on the part of the Commissioner to make such a determination. Plaintiffs now seek declaratory and injunctive relief from this Court, alleging that the suspension of their licenses without a presuspension hearing on the issue of fault was in contravention of their rights to equal protection and due process guaranteed by the fourteenth amendment to the United States Constitution and that the Vermont statutory scheme permitting such suspension is therefore unconstitutional on its face.

## II. *Jurisdiction*

Defendant contends that this Court lacks subject matter jurisdiction to adjudicate the merits of the case "because no rights, privileges or immunities within the meaning of 28 U.S.C., Sec. 1343, are involved in this action and no civil action in excess of ten thousand dollars arising under the Constitution, laws or treaties of the United States is stated in the complaint."[4]

This Circuit has consistently applied the jurisdictional precept of Mr. Justice Stone stated in Hague v. C. I. O., 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939).[5] That precept is that civil rights jurisdiction under 28 U.S.C. § 1343(3) attaches only when "the right or immunity is one of personal liberty, not dependent for its existence upon the infringement of property rights. . . ." 307 U.S. at 531, 59 S.Ct. at 971. The right not to be deprived of a motor vehicle operator's license without due process of law surely should be classified as a "personal" rather than a "property" right. The use of an automobile in the pursuit of a livelihood or to obtain necessities of life, as well as in pursuit of such fundamental, simple pleasures as a Sunday family drive, is not easily measured in monetary terms and is impossible to equate with concepts of property, as opposed to personal, rights.

Moreover, in characterizing the alleged infringement of the rights of the plaintiffs in this case, our task is considerably lightened by the Supreme Court's recent ruling in Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971).[6]

---

3. Section 802(a) provides that:
   Proof of financial responsibility shall cover a person in the operation of any and all motor vehicles operated by him. If he fails to furnish such proof . . . within twenty days after notice from the commissioner is mailed to him, until such proof . . . [is] furnished, the commissioner shall suspend the license of such person . . . .

4. Plaintiff McNamara cites no jurisdictional statute. Plaintiff Gabel cites as a jurisdictional basis "28 U.S.C. § 1343(a)–(4)" [sic]. Nevertheless, since plaintiffs allege the requisite factual basis to establish jurisdiction, we construe their complaints as stating causes of action cognizable under 42 U.S.C. § 1983 and 28 U.S.C.

§ 1343(3). *See* F.R.Civ.P. 8(a) (1), (e) (1), (f). We also note that the defendant has not claimed that the pleadings are deficient in failing to allege a specific jurisdictional statute.

5. *See, e. g.*, Eisen v. Eastman, 421 F.2d 560 (2d Cir. 1969) and cases relying thereon. *E. g.*, Johnson v. Harder, 438 F.2d 7 (2d Cir. 1971); Linnane v. Betit, 331 F.Supp. 868 (D.Vt.1971).

6. *See also* Reese v. Kassab, 334 F.Supp. 744 (W.D.Pa.1971), in which a three-judge district court, relying on *Bell*, held that the due process clause bars the suspension of drivers' licenses under Pennsylvania's point system without prior notice to the driver and an opportunity for a hearing.

The Court in *Bell* stated that:

Once licenses [of motor vehicle operators] are issued . . . their continued possession may become essential in the pursuit of a livelihood. Suspension of issued licenses thus involves state action that adjudicates important interests of the licensees. In such cases the licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment.

402 U.S. at 539, 91 S.Ct. at 1589.[7]

We thus characterize the rights of the plaintiffs and all persons whose licenses are or may be suspended without a hearing on the question of reasonable possibility of fault as personal and fundamental, and we therefore find civil rights jurisdiction under 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983. A three-judge court is unnecessary because the rule established in *Bell* "make[s] frivolous any claim that [this Vermont] statute on its face is not unconstitutional." Bailey v. Patterson, 369 U.S. 31, 33, 82 S.Ct. 549, 551, 7 L.Ed.2d 512 (1962).

### III. *The Vermont Statutory Scheme*

In *Bell*, the Court determined that liability "plays a crucial role" in the Georgia statutory scheme. In striking down the Georgia statute, the Court concluded that "[s]ince the statutory scheme makes liability an important factor in the State's determination to deprive an individual of his licenses, the State may not, consistently with due process, eliminate consideration of that factor in its prior hearing." 402 U.S. at 541, 91 S.Ct. at 1590. The Court required that a pre-suspension hearing be held to determine whether there is a "reasonable possibility" of a judgment being rendered against the operator who is threatened with a license suspension as a result of the accident. 402 U.S. at 542, 91 S.Ct. 1586, 29 L.Ed.2d 90.

Liability also plays a crucial role in the Vermont financial responsibility law. For example, an uninsured holder of a Vermont operator's license is required by 23 V.S.A. § 801(a) (Supp.1971) to prove "financial responsibility to satisfy *any claim for damages* . . . ." (emphasis added) when he is involved in an accident in which there is damage amounting to one hundred dollars or more. Such proof is required without any determination of fault.

The statute also provides:

The commissioner may relieve an operator from the obligation to furnish proof of financial responsibility after three years, provided that:

(1) The operator has not been convicted of a moving violation under the motor vehicle laws during that time;

(2) The operator has no suit or judgment arising out of the operation of a motor vehicle then outstanding against him; and

(3) The operator has not suffered a suspension or revocation of his license or right to operate a motor vehicle, except a suspension for delinquent poll taxes . . . .

23 V.S.A. § 809.

In addition, the Vermont statute specifically exempts from its coverage one situation in which it is clear that there

---

7. In the instant case, the plaintiffs require the retention of their licenses for the pursuit of their livelihoods. Plaintiff McNamara requires her license because her employment with VISTA involves frequent travel. Plaintiff Gabel resides in a rural area and needs his vehicle to seek employment in the nearest city, a distance of 28 miles from his home. Moreover, plaintiff Gabel's very survival is at stake since Vermont is famous for its long winters and deep snows, and the nearest place where he can purchase food and other necessities is at least three miles from his home.

can be no fault on the part of the operator. 23 V.S.A. § 801(b) provides:

> The provisions of subsection (a) (3) and (a) (4) shall not apply to the operator of a motor vehicle, involved in an accident, if at the time of the accident the motor vehicle he was operating, whether attended or unattended, was legally parked . . . .

■■ Thus it is clear that the Vermont statutory scheme, as reflected by the above quoted sections, relies upon fault related concepts. The obvious legislative purpose underlying Vermont's law is to ensure that those who cause accidents will have resources to satisfy any claims for which they are liable arising from an accident in which they are involved. This legislative purpose is both laudatory and, in and of itself, not constitutionally impermissible. *See Bell*, 402 U.S. at 539, 91 S.Ct. 1586, 29 L.Ed. 2d 90; Ex Parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933). However, the Vermont statute imposes the proof of financial responsibility requirement upon the victim of an accident as well as upon the party who caused it. Prior to the suspension of a license for failure to prove financial responsibility there is no required administrative or judicial determination of whether there is a reasonable possibility of judgment being rendered against the operators involved in the accident. In effect, the mere fact of having been involved in an accident establishes a conclusive presumption that the person is an excessive risk to the public, and that he should therefore provide proof of financial responsibility. Yet there can be no meaningful basis for this presumption unless and until it is established that there is at least a reasonable possibility that the person was at fault in the accident.

There is no correlation between the mere fact of being involved in an accident and the determination that a driver is, for that reason alone, a greater risk to other users of the highway. The legislative purpose behind the statute can be fulfilled only if there is a determination as to a reasonable possibility of fault of the licensee involved prior to the suspension of the license.

The Vermont statutory scheme therefore suffers from the same constitutional infirmity that the Georgia statutory scheme did in *Bell*. Plaintiffs are here denied a valuable legal right solely because of their economic status without regard to the risk of danger they pose to other users of the highway. The denial of this right rests upon an irrational basis—the mere fact of being involved in an accident without distinguishing between the innocent and the culpable driver. *See* Pollion v. Lewis, 320 F.Supp. 1343, 1354 (N.D.Ill.1970) (dissenting opinion of Robson, C. J.), vacated and remanded, 403 U.S. 902, 91 S.Ct. 2212, 29 L.Ed.2d 678 (1971).

Accordingly it is hereby declared that 23 V.S.A. § 801(a) (3) (Supp.1971), insofar as it requires a showing of financial responsibility without any determination of possibility of fault, and 23 V.S.A. § 802(a), insofar as it is used to enforce § 801(a) (3) without any prior determination of possibility of fault, are unconstitutional because they violate the due process clause of the fourteenth amendment of the United States Constitution.

Wherefore, it is hereby ordered:

That defendant be and he hereby is enjoined from withholding the licenses of plaintiffs and the class which they represent without affording them a hearing as provided above.