## Leo Croteau, et al. v. James E. Malloy, Commissioner, Vermont Department of Motor Vehicles

[370 A.2d 206]

No. 129-76

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed February 1, 1977

*Zander B. Rubin* and *William J. Daly*, Vermont Legal Aid, Inc., St. Johnsbury, for Plaintiff.

*M. Jerome Diamond*, Attorney General, and *Richard M. Finn*, Assistant Attorney General, Montpelier, for Defendant.

**Larrow, J.** This action below was brought by three plaintiffs, on behalf of themselves and others similarly situated, to secure a judicial interpretation of 23 V.S.A. § 801(a)(4), as amended by No. 151 (Adj. Sess. 1971) § 2. It was tried below on an agreed statement, with motions for summary judgment by plaintiffs and by defendant. Plaintiffs' motion was granted, and defendant's denied, with the trial court holding that any individual whose motor vehicle law conviction was based on a plea of nolo contendere must be given a hearing before the defendant Commissioner of Motor Vehicles, if he requests one, on the issue of his fault before becoming subject to the provisions of the financial responsibility law. The Commissioner was ordered to notify such persons of this right to a hearing, and enjoined from subjecting plaintiffs to the financial responsibility law without affording them one. A partial stay of the order was granted pending appeal.

The facts involved are substantially similar for each of the three plaintiffs. Plaintiff Croteau pleaded nolo contendere to a charge of careless and negligent driving after an accident involving another vehicle, was convicted on that plea and paid a fine. He had no auto liability insurance in effect at the time of the accident, but has since purchased the required statutory coverage, as required by the Commissioner. He has been unable to secure releases from the other individuals involved in the accident, or to furnish the $5,000 surety company bond required as an alternative. No suit has been brought against him; his request for hearing on the issue of fault was denied by the Commissioner.

Plaintiff Nichols' case is similar, except that he first secured the required insurance and release, but later dropped the insurance and had his license suspended. His request for a hearing on the issue of fault was also denied.

Plaintiff Bernier pleaded nolo to failure to stop at a stop sign, was convicted and paid his fine. He has since secured the required liability insurance coverage. Although none of the parties involved in the ensuing accident have sued him, he has been unable to secure releases or furnish bond. His license has been suspended, and his request for hearing on the issue of fault denied.

All plaintiffs are stipulated to have pleaded without benefit of counsel, and to have been then unaware of the "ramifications" of the financial responsibility law.

The plaintiffs are explicit that constitutional considerations are not involved in this appeal. They express no disagreement with the general holdings in *Wright* v. *Malloy*, 373 F.Supp. 1011 (D.C. Vt. 1971), *aff'd mem.*, 419 U.S. 987 (1974). That decision upheld the denial of prior hearing on the issue of fault against due process and equal protection challenges, holding these requirements met by a chance for hearing on the issue by pleading not guilty. It upheld a compelling state interest in providing security for past accidents by way of release or bond. It struck down, on due process grounds, the absence of provision for hearing if requested on the amount of the security required to be posted, but that is not an issue in this case. None of these holdings are questioned by the plaintiffs. Their contention, simply put, is that proper interpretation of 23 V.S.A. § 801(a)(4), as amended, requires a holding that a conviction based upon a nolo plea does not provide an indication of fault, and that, if he so requests, the person so convicted must be afforded a hearing on the question of fault prior to suspension. The trial court agreed with this contention. We do not, and accordingly reverse.

■ We note at the outset the recurring nature of some of the factual situations here involved. Plaintiffs Croteau and Bernier have secured the required liability insurance coverage, and, since more than one year elapsed without suit brought against them, are entitled to license reinstatement under the provisions of 23 V.S.A. § 802(b). Their claims, however, clearly fall within the category of harm "capable of repetition, yet evading review."

They thus escape the recognized rule in this jurisdiction against advisory opinions. *Roe* v. *Wade*, 410 U.S. 113, 125 (1973).

██ The statutory provision here drawn into controversy is 23 V.S.A. § 801(a)(4), requiring proof of financial responsibility in the form of liability insurance in force and effect at time of accident, releases, or posted security for damages.

> (4) [f]rom the operator of a motor vehicle involved in an accident, when such operator is found to be operating a motor vehicle at the time of such accident in violation of any of the provisions of this title, and is convicted of such violation, *which indicates he was at fault in any degree, or, if no indication of fault, a hearing is held, if requested, as provided under 23 V.S.A. § 802(i)* . . . . [Emphasis supplied. Emphasized words added by 1971, No. 151 (Adj. Sess.), § 2]

The language added to the quoted section (as emphasized above) was part of a bill which also amended 23 V.S.A. § 801(a)(3). Section 801(a)(3) had been held unconstitutional in *McNamara* v. *Malloy*, 337 F.Supp. 732 (D.C. Vt. 1971), because it then required a showing of financial responsibility from any driver involved in an accident resulting in injury, death or property damage, regardless of the fault of the driver. Although § 801(a)(4) was not, as such, directly involved in *McNamara*, because there had been no conviction, the infirmities of § 801(a)(3) were obviously present also in § 801(a)(4) as it then read, because it applied to any motor vehicle conviction, whether or not that conviction had any bearing on, or relation to, fault in the occurrence of the accident to which it related. Thus, under its then provisions, any conviction of motor vehicle offenses triggered the operation of the requirement for furnishing releases and/or posting security for damage incurred. Without exhausting the list of possible offenses, convictions for leaving the scene, driving without license or under suspension, operating an unregistered vehicle, permitting operation by an unauthorized person, or operating without owner's consent would all bring into effect the release or security requirement to avoid suspension of driving license, even though such offenses, both factually and logically, had no causal connection with the happening of the particular accident. It appears clear to us, construing the two amendments *in pari materia*, that the legislative intent was to meet the constitutional criteria in each sub-section, by providing for a

fault hearing when requested under sub-section (3), in the absence of a conviction, and by requiring in sub-section (4) that the conviction be for an offense indicating fault in the happening of the particular accident *or* that a hearing, if requested, be held. The subsequent holding in *Wright* that sub-section (4), as amended, became constitutional because the operator was afforded a chance for hearing on the issue of fault by pleading not guilty in his criminal case indicates that the amendment in question accomplished its intended result.

From its ruling below, the trial court evidently concluded that the general law regarding the admissibility of a plea of nolo contendere in subsequent proceedings, *i.e.*, that it is not admissible as an admission by the pleader, was intended to be engrafted on the financial responsibility law by the amendment in question. Appellees stress the same principle in their brief. We do not agree. What is here involved is the fact of conviction, not the plea upon which the conviction was secured. The financial responsibility requirements are not predicated upon any admission of guilt evidenced by a plea of nolo, or of guilty, but upon conviction on *any* plea of an accident-related motor vehicle offense, now required to meet constitutional mandates by involving an element causative of the accident. Under the former statute the offense needed merely to be contemporaneous; the amended requirement is that it be fault-related. The operator's right to test his responsibility lies in the trial court, and that right, under *Wright,* meets constitutional standards.

Appellees discuss at length the provisions of V.R.Cr.P. 11(b), relating to admissibility of a nolo plea in subsequent proceedings, and its lack of status as an admission. They also argue the provisions of that rule relating to convictions based upon such a plea, and their admissibility in all instances where convictions based upon a guilty plea are admissible. These arguments, however, miss the point here involved. It is neither the plea taken as an admission, nor the conviction sought to be used as proof of underlying facts, which trigger the operation of the financial responsibility law. It is, rather, the fact of the fault-related conviction itself which sends the statutory requirements into effect. Similar instances are not uncommon, as pointed out in the Reporter's Note to V.R.Cr.P. 11(b). Impeachment of a witness is one such instance, recidivist statutes are another. We have adopted a similar standard, making the conviction

conclusive evidence, with respect to disciplinary proceedings against an attorney convicted of serious crime. Cf. Administrative Orders No. 30 and 39, § XII(c).

The appellant has emphasized in his brief the provisions of 23 V.S.A. § 1710. That section, enacted in 1975, provides that a plea of nolo contendere accepted by the court shall constitute a conviction, for the purposes of Title 23. By its terms this statute is corroborative of the result we have reached. But it was enacted subsequent to the events here in issue, and does not appear to us to have been passed with the questions raised here in mind. We have accorded it little weight in reaching our decision.

Appellees have not briefed, nor have we considered, the effect of their lack of express knowledge of the "ramifications" of the financial responsibility law when entering their respective pleas, other than general equitable considerations. We note, however, that there were no attempts at plea withdrawal under V.R.Cr.P. 32(d).

*The judgment of the Orleans Superior Court is stricken. Judgment is entered that the plaintiffs, and others similarly situated, are not entitled to hearing before the Commissioner of Motor Vehicles before becoming subject to the provisions of the financial responsibility law contained in 23 V.S.A. § 801(a)(4) as amended.*