Clarence John HESSEL, Plaintiff-Appellant,

v.

STATE OF ARIZONA et al., Defendants-Appellees.

No. 71-1721.

United States Court of Appeals, Ninth Circuit.

Aug. 9, 1972.

Clarence John Hessel, in pro. per.

T. Gale Dake (argued), Phoenix, Ariz., James R. Redpath, Deputy Atty. Gen. (argued), Gary K. Nelson, Atty. Gen., Phoenix, Ariz., for defendants-appellees.

Before BARNES and HUFSTEDLER, Circuit Judges, and SCHNACKE,* District Judge.

PER CURIAM:

Mr. Hessel's unhappy plight began when he transferred his automobile insurance from one carrier to another, and he was involved in an accident for which both carriers denied coverage. Pursuant to Arizona's Financial Responsibility Act (Ariz.Rev.Stat. § 28-1142,

---

* Honorable Robert H. Schnacke, United States Judge for the Northern District of California, sitting by designation.

subsecs. A and B), the Superintendent of the Motor Vehicle Division of the Arizona Highway Department ordered suspension of Mr. Hessel's driver's license and of his motor vehicle registration. He was given an administrative hearing on December 22, 1969, in which the suspension order was upheld upon the determination that there was a reasonable probability that judgment would be rendered against him. Although an appeal to superior court of the State of Arizona from the administrative decision was authorized (Ariz.Rev.Stat. § 28–1122, subsec. B), he did not appeal. His efforts to use self-help to retain his license plates resulted in a misdemeanor conviction. He lost his job and was unable to retain private counsel to help him. Subsequently he was exonerated from civil liability for the accident. On December 10, 1970, he filed an affidavit reporting the dismissal of the civil action and a certificate of insurance as provided by Ariz.Rev.Stat. § 28–1144, and his driving privileges were restored.

He filed this action in propria persona against the State of Arizona and against a series of Arizona officials seeking damages to redress his grievances that followed the suspension order. The district court dismissed his case for failure to state a claim upon which relief can be granted.

 Mr. Hessel has interwoven his attacks upon his misdemeanor conviction, on the constitutionality of the Financial Responsibility Act, and on the administrative proceedings that resulted in the suspension order. Because he failed to exhaust his available remedies in the state courts, he could not collaterally attack either his misdemeanor conviction or his administrative proceeding in the federal courts, even if we assumed, *arguendo*, that his complaint could be construed to state some claim in the nature of habeas corpus.[1]

 The focal point of his complaint is the challenge to the constitutional validity of Arizona's Financial Responsibility Act. The Act has withstood constitutional attack in Schechter v. Killingsworth (1963) 93 Ariz. 273, 380 P.2d 136. The Act does not have the constitutional infirmity for which the Supreme Court struck down Georgia's Motor Vehicle Safety Responsibility Act in Bell v. Burson (1971) 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90. We are not persuaded in this case to disturb *Schechter*. The efforts to attack the Act on grounds other than those discussed in *Bell* and *Schechter* do not have sufficient legal merit to warrant discussion.

Although we have sympathy for Mr. Hessel in the misfortunes that befell him, we agree with the district court that none of them can be redressed by the action he brought in the federal court.

The judgment is affirmed.

---

1. Mr. Hessel has not undertaken postconviction relief in Arizona; hence, Arizona has not had an opportunty to determine the effect, if any, of Argersinger v. Hamlin (1972) 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530, upon the misdemeanor conviction.