Emilia Catherine **SANDOVAL**, individually and on behalf of all other persons similarly situated, Plaintiff,

v.

John H. **HECKERS**, individually and as Director of the Colorado Department of Revenue, and Gilbert Maes, individually and as an employee of the Colorado Department of Revenue, Defendants.

Civ. A. No. C–3260.

United States District Court,
D. Colorado.

Oct. 24, 1972.

Daniel H. Israel, Boulder, Colo., and Frank Dubofsky, Colorado Rural Legal Services, Inc., Denver, Colo., for plaintiff.

Duke W. Dunbar, Atty. Gen., John P. Moore, Deputy Atty. Gen., Eugene C. Cavaliere and James K. Tarpey, Asst. Attys. Gen., Denver, Colo., for defendants.

Before DOYLE, Circuit Judge, and CHILSON and WINNER, District Judges.

WINNER, District Judge.

Plaintiffs challenge the constitutionality of Colorado driver's license revocation statutes applicable to an uninsured motorist involved in an accident. Plaintiffs charge that the statute "requires the defendant to suspend the plaintiffs' motor vehicle operator's licenses *where plaintiffs have failed to demonstrate* that they were free from any fault for the accident giving rise to the suspension."[1] Plaintiffs rely on Bell v. Burson (1971) 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90, and plaintiff Sandoval says that the accident bringing about her license suspension as an uninsured motorist resulted from a fact situation in which the other motorist was contributorily negligent. Although after the date of the accident in question, Colorado enacted a comparative negligence statute, when plaintiff Sandoval's accident occurred, contributory negligence was a complete defense in Colorado. At her license suspension hearing, the hearing examiner ruled that evi-

---

1. The complaint really does not raise the burden of proof question.

dence of contributory negligence was not relevant, and that the only question before him was whether plaintiff Sandoval was guilty of any negligence at all.

At an earlier hearing in this case, the Court was of the opinion that the Colorado statutes in question might or might not support the ruling of the hearing examiner; that if as a matter of state law the hearing examiner's ruling was wrong, the applicability of Bell v. Burson to the statute [as opposed to the examiner's interpretation of it] might be doubtful, and that the case might be resolved by interpretation of state law.

The abstention doctrine was not applied because of the handy provisions of Colorado Appellate Rule 21.1. That rule is:

"The Supreme Court may answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States, or a United States District Court, when requested by the certifying court, if there is involved in any proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court."

Acting under this rule, we avoided the abstention problem and we certified to the Colorado Supreme Court these questions of state law:

"1. When read in context with other sections of the Act, does section 16 of the Colorado Motor Vehicle Responsibility Act (C.R.S. '63 [1965 Supp.]) require that, in a license revocation hearing, an uninsured motorist demonstrate that he was free from fault in an accident to prevent suspension of his driver's license?

"2. In such a hearing are the uninsured motorist's degree of fault and the contributory fault of the other party irrelevant?

"3. If question 1 is answered 'yes' is Section 15 supra violative of the Constitution of Colorado?" [Section 15 has to do with the deposit of security unless the accused driver demonstrates that the statute is not applicable to him.]

In Re Questions Submitted by the United States District Court for the District of Colorado (decided August 8, 1972) Colo., 499 P.2d 1169, the Colorado Supreme Court held:

"The first question is answered in the affirmative. We interpret the statutory language that 'the director finds to be free from any fault' to mean a finding that there is not a reasonable possibility of a judgment being rendered against the person whose conduct is being considered. Our answer is under this interpretation of the statute. Under the literal construction adopted by the director, the answer to question 1 would be in the negative, since a finding of freedom from any fault goes beyond a finding as to the reasonable possibility of a judgment."

The Colorado Court quoted from Bell v. Burson:

"' . . . we hold that procedural due process will be satisfied by an inquiry limited to the determination whether there is a reasonable possibility of judgments in the amounts claimed being rendered against the licensee.'"

and the Colorado Court interpreted the statute to mean that "it was the intent of the General Assembly to require the posting of security or the suspension of driving privileges when there is a reasonable possibility of a judgment being rendered against the person involved." Thus, as interpreted by the Colorado Supreme Court, the statute does not run afoul of Bell v. Burson.

The Court next considered the burden of proof question, and, after pointing out inconsistencies in the parties' briefs, the Court concluded that Bell v. Burson does not impose the burden on the Director, and that "the Attorney General was correct in his first argument, i.

*e.*, that the uninsured motorist has the burden of bringing himself within the exception of Section 16(1)(b)." The Colorado Court held that "it was the legislative intent to place the burden upon the uninsured motorist of showing that there is not a reasonable possibility of a judgment being rendered against him," and that the placing of this burden on the uninsured motorist does not violate the mandate of Bell v. Burson.

With this holding, the Court answered the second certified question in the negative, and it held that the hearing examiner was wrong when he interpreted the statute to say that evidence of contributory negligence was irrelevant. The Court expressly reserved for later determination any questions which may arise under the new comparative negligence statute, and so do we. As to question No. 3, the Court said that in light of its answers to the first two questions, there is no constitutional infirmity under the Colorado Constitution.

Plaintiffs are happy with all aspects of the Colorado Supreme Court decision except for its ruling that the burden of proof rests on the uninsured motorist.[2] They ask that we hold that the burden is on the Director of Revenue. We agree with the Colorado Supreme Court's interpretation of Bell v. Burson and we disagree with plaintiffs' reading of that case.[3] Certainly, in a license revocation hearing at which the driver of the other vehicle seldom appears, it is difficult to conclude that the Director of Revenue has the burden of proof when Bell v. Burson says:

> "We hold, then, that under Georgia's present statutory scheme, before the State may deprive petitioner of his driver's license and vehicle registration it must provide a forum for the determination of the question whether there is a reasonable possibility of a

judgment being rendered against him as a result of the accident. We deem it inappropriate in this case to do more than lay down this requirement."

Certainly, we are in complete agreement with the Colorado Court that as interpreted by the Director of Revenue and the Hearing Examiner, the statute would be unconstitutional, but under the Court's interpretation we think that it is constitutional.

Accordingly, with the Colorado Supreme Court's interpretation of Colorado law, and based upon that interpretation,

It is ordered that the complaint be dismissed and that judgment be entered in favor of defendants.

---

2. It is doubtful that the burden of proof question is included in the issues raised by plaintiffs' complaint.

3. Plaintiffs' argument is a little hard to follow. Colorado has long imposed on defendant in a civil suit the burden of proving contributory negligence, and it is this burden which would exist at time of trial of the civil suit which plaintiffs here say should be shifted at the license revocation hearing.