Ralph NADER

v.

John VOLPE, Secretary of Transportation, et al., Appellants.

No. 71-1211.

United States Court of Appeals, District of Columbia Circuit.

Jan. 12, 1973.

Mr. Walter H. Fleischer and Mrs. Greer S. Goldman, Attys., Dept. of Justice, were on the motion for appellants.

Mr. Howard A. Heffron, Washington, D.C., was on the opposition to the motion for appellee.

Before WRIGHT, TAMM and Mc-CREE,* Circuit Judges.

J. SKELLY WRIGHT, Circuit Judge:

Appellee Nader brought an action in the District Court seeking a declaration that appellant Secretary of Transportation had exceeded his authority under the National Traffic and Motor Vehicle Safety Act of 1966, 15 U.S.C. § 1381 *et seq.* (1970), by granting Checker Motors Corporation a temporary exemption from the effective date of a Motor Vehicle Safety Standard promulgated by the Secretary. Appellants sought to have the action dismissed as moot since the exemption had been withdrawn and Checker had come into compliance prior to the hearing before the District Court. The District Court, relying on a post-hearing memorandum by the Government which stated that the Secretary continued to believe the Department of Transportation had authority to grant exemptions to a single manufacturer in situations not encompassed by 15 U.S.C. § 1410 (1970) and would, in appropriate circumstances, consider granting them, found the case not moot and reached the merits, holding that the Secretary had no power to grant exemptions except in those cases expressly authorized in Section 1410. *See* Nader v. Volpe, D.D.C., 320 F.Supp. 266 (1970). We affirmed the case by order dated September 28, 1972, noting our general agreement with the reasons stated by the District Court. Judge Tamm dissented from that order on the ground that the case should have been dismissed as moot.

The Secretary has now moved to vacate our decision on the ground that on October 25, 1972, subsequent to our decision, Congress enacted Public Law No. 92–548, 86 Stat. 1159, *amending* 15 U.S.C. § 1410 (1970), thereby mooting the controversy and preventing the Government from seeking Supreme Court review of our judgment. We do not agree that Public Law No. 92–548 moots this case and accordingly deny the Secretary's motion.

■ Before discussing the effect of Public Law No. 92–548 on the mootness question, it would be helpful if we explain in greater detail our reason for initially deciding the case was not moot. Where a court is asked to adjudicate the legality of an agency order, it is not compelled to dismiss the case as moot whenever the order expires or is withdrawn. Consideration of important legal issues "ought not to be, as they might be, defeated, by short terms orders, capable of repetition, yet evading review * *." Southern Pacific Terminal Co. v. I. C. C., 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911). *See also* Moore v. Ogilvie, 394 U.S. 814, 816, 89 S.Ct. 1493, 23 L.Ed.2d 1 (1969); Jeannette Rankin Brigade v. Chief of the Capitol Police, 137 U.S.App.D.C. 155, 157, 421 F.2d 1090, 1092 (1969). In this case, the District Court properly found, on the basis of the Government's own post-hearing memorandum, that temporary exemptions such as the one granted to Checker would be granted to Checker or to other manufacturers in the future, and that to dismiss cases challenging the legality of such exemptions simply because the exemption had been withdrawn or had expired would prevent courts from ever deciding the important question of whether or not the Secretary has authority to issue such exemptions.

■ Enactment of Public Law No. 92–548 does not affect the mootness

* Of the Sixth Circuit, sitting by designation pursuant to 28 U.S.C. § 291(a) (1970).

**918**

question. Although it authorizes the Secretary to grant temporary "hardship" exemptions to manufacturers such as Checker whose total motor vehicle production is less than 10,000 vehicles per year, there is no indication that the authorization is to have retroactive effect. Even assuming *arguendo* this law has retroactive effect, the exemption granted to Checker would not be authorized thereunder since the law authorizes the Secretary to grant exemptions only after certain procedures have been followed, and it is clear from the record in this case that these procedures were not followed when the Secretary granted the Checker exemption.

██ The only other manner in which the present motion might affect the mootness question is if the motion constituted a retraction by the Secretary of his earlier position, expressed in the Government's post-hearing memorandum, that he continues to believe he has implied authority, in cases not encompassed by Section 1410, to grant a temporary exemption to a single manufacturer and/or to postpone the effective date of a safety standard for a single manufacturer. Having carefully read the Secretary's present motion, we cannot find any such retraction. In light of these facts, the issue that the District Court decided still requires judicial resolution. And we think it clear, both under the version of Section 1410 initially before us and under Section 1410 as amended by Public Law No. 92–548, that the Secretary's sole authority to exempt a manufacturer from a safety standard, even if that exemption takes the form of a postponement of the effective date of the safety standard for a single manufacturer, derives from Section 1410. There is no implied authority to grant exemptions or postponements in situations not encompassed by that section.

Motion to vacate denied.

TAMM, Circuit Judge, dissenting:

As I did with respect to the judgment of affirmance entered in this case, I dis-sent, believing that the court's opinion in Alton & Southern Railway Co. v. International Ass'n of Machinists & Aerospace Workers, 150 U.S.App.D.C. 36, 463 F.2d 872 (1972), requires dismissal of this case on the ground of mootness.