Denver SLONE, Plaintiff,

v.

**KENTUCKY DEPARTMENT OF TRANSPORTATION, Defendant.**

Civ. No. 74–10.

United States District Court, E. D. Kentucky, Frankfort Division.

July 23, 1974.

Dean Hill Rivkin, Appalachian Research & Defense Fund of Kentucky, Inc., Lexington, Ky., Paul F. Fauri, Appalachian Research & Defense Fund of Kentucky, Inc., Prestonsburg, Ky., for plaintiff.

Mary Jo Arterberry, Dept. of Trans., Perry Lewis, Dept. of Highways, Frankfort, Ky., for defendant.

## MEMORANDUM

SWINFORD, District Judge.

This action for injunctive and declaratory relief attacks portions of Kentucky's "Implied Consent" provision:

"Any person who operates a motor vehicle in this state is deemed to have given his consent to a chemical test . . . for the purpose of determin-

ing the alcoholic content of his blood, if arrested for any offense arising out of acts alleged to have been committed while the person was driving or in actual physical control of a motor vehicle in this state while under the influence of intoxicating beverages." K.R.S. 186.565(1).

Refusal to submit to the test is punishable by a six-month revocation of driving privileges effective upon receipt by the Department of Public Safety (hereinafter: Department) of an affidavit submitted by a law enforcement officer stating:

> "Reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle in this state while under the influence of intoxicating beverages, that the person refused to submit to the test upon the request of the law enforcement officer, and that the person again refused to submit to the test after the law enforcement officer warned him of the effect of his refusal . . . ." K.R.S. 186.565(3).

Although a post-revocation hearing must be provided upon timely demand by the licensee, the statute specifically provides that the "(r)equest . . . does not suspend the order of revocation . . . ." K.R.S. 186.565(4).

The complaint alleges that on December 7, 1973, the plaintiff was arrested by the Kentucky State Police and charged with Driving While Intoxicated. A "breathalyzer" test was administered with Slone's permission, but the arresting officer subsequently prepared an affidavit stating that the motorist refused to submit to the procedure. Although advised on January 9, 1974, that his driver's license was withdrawn because of his refusal to submit to a chemical test, K.R.S. 186.565(3), the notification letter from the Bureau of Vehicle Regulation did not mention the administrative appeal provisions of the statute. The plaintiff accordingly did not demand a hearing following the filing away of the vehicular charges pending against him. It is alleged that K.R.S. 186.565 is unconstitutional for failure to provide notice and hearing prior to revocation.

■ Following a hearing on June 24, 1974, the court overruled the defendant's motion to dismiss for failure to state a claim, denied certification as a class action, and accorded the parties an opportunity for the submission of written arguments respecting the plaintiff's motion for summary judgment. The record is now before the court [1] for decision.

The plaintiff argues that the failure to accord prior notice and hearing contravenes due process requirements governing the revocation of protected entitlements. The defendant responds that (1) since the assailed provision embraces only those motorists who refuse a chemical analysis, acceptance of the allegation that Slone submitted to the test vitiates any claim of statutorily-inflicted harm; (2) the plaintiff's proper remedy is against the author of the false affidavit; (3) the six-month revocation period provided in the statute has terminated; (4) the denial of the pre-revocation hearing is not unconstitutional in view of the allowance for administrative review following revocation; (5) the legislation embodies a contract binding upon the motorist and enforceable under the state's police power.

■■ The contention that the plaintiff is not adversely affected by the statute belies the very deprivation asserted: The failure to accord a pre-revocation hearing denies to motorists unjustly accused of declining the test an

---

1. Although a three-judge court was originally demanded, the order sustaining the plaintiff's motion to amend the complaint to delete the request for injunctive relief renders this action adjudicable by a single judge. See Kennedy v. Mendoza-Martinez, 372 U.S. 144, 152–155, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963); Whatley v. Clark, 5th Cir., 482 F. 2d 1230 (1973), cert. denied, 415 U.S. 934, 94 S.Ct. 1449, 39 L.Ed.2d 492 (1974); Triple A Realty, Inc. v. Florida Real Estate Commission, 5th Cir., 468 F.2d 245 (1972).

opportunity to demonstrate compliance with the statute. Similarly, a successful action for damages against the charging officer would not reverse the denial of driving privileges by the Commonwealth.

The defendant incorrectly suggests that this challenge is barred by the expiration of the six-month suspension mandated by K.R.S. 186.565. There is little doubt that the revocation of the plaintiff's license conferred the requisite "threatened or actual injury resulting from the putatively illegal action . . . ." S. v. D., 410 U.S. 614, 617, 93 S.Ct. 1146, 1148, 35 L.Ed.2d 536 (1973); see also Data Processing Service v. Camp, 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970); Flast v. Cohen, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). It is equally apparent that this action was not mooted by the expiration of the penalty term. While federal courts will not decide abstract questions, Caldwell v. Craighead, 6th Cir., 432 F.2d 213 (1970), cert. denied, 402 U.S. 953, 91 S.Ct. 1617, 29 L.Ed.2d 123 (1971); Women Strike For Peace v. Hickel, 137 U.S.App.D.C. 29, 420 F.2d 597 (1969), the constitutionality of Slone's brief period of actual suspension is no less justiciable than the rulings examined in So. Pac. Terminal Co. v. Int. Comm. Comm., 219 U.S. 498, 515, 31 S. Ct. 279, 283, 55 L.Ed. 310 (1911); "(t)he questions involved . . . ought not to be . . . defeated, by short-terms orders, capable of repetition, yet evading review . . . ." The subject controversy is comparable to the review of temporary agency action in Nader v. Volpe, 154 U.S.App.D.C. 332, 475 F.2d 916, 917 (1973):

"Where a court is asked to adjudicate the legality of an agency order, it is not compelled to dismiss the case as moot whenever the order expires or is withdrawn."

See Moore v. Ogilvie, 394 U.S. 814, 816, 89 S.Ct. 1493, 23 L.Ed.2d 1 (1969); Carroll v. Princess Anne, 393 U.S. 175, 178–179, 89 S.Ct. 347, 21 L.Ed.2d 325 (1968); United States v. W. T. Grant Co., 345 U.S. 629, 632–633, 73 S.Ct. 894, 97 L.Ed. 1303 (1953).

The defendant's final arguments rely heavily on Craig v. Commonwealth, Dept. of Public Safety, Ky., 471 S.W.2d 11, 15 (1971), approving K.R.S. 186.565 as a "valid exercise of the police power"; the opinion noted that the implied consent statute incorporates a rapid administrative review following suspension and properly reflected the superior public interest in safe motoring. Accord, Newman v. Stinson, Ky., 489 S.W.2d 826 (1972). In a strong dissent, Judge Osborne posited that the provision was unconstitutional (1) under Sections 10 and 11 of the Kentucky Constitution; (2) as contrary to the Supreme Court's prior hearing mandate:

"(T)he statute in question is invalid because of its failure to provide for a meaningful hearing prior to the revocation of the license . . . .

\* \* \* \* \* \*

"I do not agree with the majority that a post-suspension hearing can in any way supply due process when a citizen's license has already been revoked." Id. 471 S.W.2d at 17.

While deference must be accorded the pronouncements of the Kentucky Court, the Craig and Newman decisions do not properly reflect the evolving federal concern for the continuing right to use the public highways. The State's pervasive supervisory authority in this area, Bibb v. Navajo Freight Lines, 359 U.S. 520, 523, 79 S.Ct. 962, 3 L.Ed.2d 1003 (1959), has on several occasions been subordinated to the individual's interest in the continued enjoyment of a motor vehicle. In Wall v. King, 1st Cir., 206 F.2d 878 (1953), cert. denied, 346 U.S. 915, 74 S.Ct. 275, 98 L.Ed. 411 (1953), the First Circuit Court of Appeals categorized the operation of an automobile as a "liberty" deserving due process protection, but declined to require a hearing as a condition precedent to its revocation.

"Liberties are not absolute. 'Liberty implies the absence of arbitrary re-

straint, not immunity from reasonable regulations and prohibitions imposed in the interest of the community.'

. . .

"The incidental hardship upon an individual motorist, in having his license suspended pending investigation and review, must be borne in deference to the greater public interest served by the statutory restriction. . . . (T)he concept of due process of law does not necessarily require the granting of a hearing prior to the taking of official action . . . ." Id. at 883, quoting Chicago, B. & Q. R. R. Co. v. McGuire, 219 U.S. 549, 567, 31 S.Ct. 259, 55 L.Ed. 328 (1911). Accord, Rivas v. Cozens, N.D.Cal., 327 F.Supp. 867 (1971), vacated 409 U.S. 55, 93 S.Ct. 444, 34 L.Ed.2d 265 (1972); Brockway v. Tofany, S.D.N.Y., 319 F. Supp. 811 (1970); Llamas v. Dept. of Transportation, Div. of Motor Vehicles, E.D.Wis., 320 F.Supp. 1041 (1969); Roberts v. Burson, N.D.Ga., 322 F. Supp. 380 (1969); Cf. Pollion v. Lewis, N.D.Ill., 320 F.Supp. 1343 (1970), vacated and remanded for reconsideration in light of Bell v. Burson, infra, 403 U.S. 902, 91 S.Ct. 2212, 29 L.Ed.2d 678 (1971).

This restrictive judicial philosophy was dispelled in Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 1589, 29 L.Ed.2d 90 (1971), which held that the Due Process Clause of the Fourteenth Amendment required a hearing prior to the revocation of a driver's license:

"Once licenses are issued . . . their continued possession may become essential in the pursuit of a livelihood. Suspension of issued licenses thus involves state action that adjudicates important interests of the licensees. In such cases the licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment. . . . (R)elevant constitutional restraints limit state power to terminate an entitlement whether the entitlement is denominated a 'right' or a 'privilege'." Id. at 539, 91 S.Ct. at 1589.

Noting the adaptability of the due process guarantees to the threatened entitlement, the Court disagreed with the State's contention that the erection of an expensive hearing procedure was rendered unnecessary by the countervailing governmental interest in protecting the public. The opinion similarly rejected the argument that due process was satisfied by the opportunity for a post-revocation hearing:

"While '(m)any controversies have raged about . . . the Due Process Clause,' . . . it is fundamental that except in emergency situations (and this is not one) due process requires that when a State seeks to terminate an interest such as that here involved, it must afford 'notice and opportunity for hearing appropriate to the nature of the case' *before* the termination becomes effective." Id. at 542, 91 S.Ct. at 1591, quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313, 70 S.Ct. 652 [94 L.Ed. 865] (1950).

Courts applying Bell v. Burson, supra, have required the erection of prior hearing procedures in statutes governing license revocation. Reese v. Kassab, W. D.Pa., 334 F.Supp. 744, 747 (1971), ruled unconstitutional a Pennsylvania statute summarily suspending driving privileges upon an accumulation of traffic offenses.

"(B)efore an operator's license can be suspended . . . under the terms of the Pennsylvania Point System, there must be notice and opportunity for hearing before the action becomes effective."

See Weaver v. O'Grady, S.D.Ohio, 350 F.Supp. 403 (1972); Warner v. Trombetta, M.D.Pa., 348 F.Supp. 1068 (1972), aff'd, 410 U.S. 919, 93 S.Ct. 1392, 35 L. Ed.2d 583 (1973); McNamara v. Malloy, D.Vt., 337 F.Supp. 732 (1971). Others have found invalidation unnecessary because of the prior hearing provision incorporated in the attacked legislation. Ferguson v. Gathright, 4th Cir., 485 F.2d 504 (1973); Hessel v. State of

Arizona, 9th Cir., 465 F.2d 958 (1972), cert. denied, 410 U.S. 933, 93 S.Ct. 1384, 35 L.Ed.2d 596 (1973); Sandoval v. Heckers, D.Col., 350 F.Supp. 127 (1972).

The fact that the suspension mandated by K.R.S. 186.565 is only temporary in the event of a successful hearing does not alter its status as an entitlement protected by the Fourteenth Amendment guarantee of a pre-termination hearing. Bell v. Burson, supra, 402 U.S. at 542, 91 S.Ct. 1586; Fuentes v. Shevin, 407 U.S. 67, 85, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Wisconsin v. Constantineau, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971); Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969). Accordingly, the Commonwealth's failure to offer such a hearing is defensible, as noted in Bell, only in the event of a justifiable emergency. The facts comprising such an "extraordinary situation" were delineated in Fuentes v. Shevin, supra:

> "First, in each case, the seizure has been directly necessary to secure an important governmental or general public interest. Second, there has been a special need for very prompt action. Third, the State has kept strict control over its monopoly of legitimate force: the person initiating the seizure has been a government official responsible for determining, under the standards of a narrowly drawn statute, that it was necessary and justified in the particular instance." Id. 407 U.S. at 91, 92 S.Ct. at 2000.

The third criterion is satisfied by the required affidavit by a law enforcement officer in the event of a refusal to submit to the test. While the primacy of highway safety is undoubted, the procedure utilized suggests no "important governmental or general public interest" in removing the intoxicated motorist from the highway. This disinterest is reflected in the differential treatment accorded drivers who submit to the test: while the license of the recalcitrant motorist is summarily suspended, the submissive imbiber may continue to drive until convicted. In Holland v. Parker, D.S.D., 354 F.Supp. 196 (1973), a three-judge court[2] ruled that the post-revocation hearing provided in a similar South Dakota statute was not excusable on emergency grounds:

> "The fault in this argument lies in the fact that the state initiates its summary action not to remove the potentially drunk driver from the highways but only if the suspect refuses to submit to the test, which is in itself an irrelevant question. Thus . . . if a suspect takes the test and is found to be presumptively under the influence of alcohol . . . his license is not . . . revoked until he is convicted . . . . (T)he basis for revocation without a prior hearing is not intoxication, but refusal to take the test. If there is time to permit prerevocation adjudication for the driver found presumptively under the influence of alcohol, then there is no reason why the same opportunity should not be afforded the driver who refuses the test.
>
> \*   \*   \*   \*   \*   \*
>
> (E)ven under the emergency doctrine, South Dakota has failed to justify revocation without a hearing for the suspected driver who has refused the test when, if that same driver took the test, he would be permitted to retain his license and be provided a forum for his defense." Id. at 202.

The Holland opinion concluded that the legislation was unconstitutional for failure to accord a hearing prior to revocation.

---

2. Holland v. Parker, 8th Cir., 469 F.2d 1013 (1972), reversed the conclusion of a single judge that the insubstantial nature of the constitutional question precluded invocation of 28 U.S.C. § 2281. "(T)he general public's interests in requiring reasonable conditions for a driver's permit overbalances any loss to plaintiff under the Implied Consent Law." Holland v. Parker, D.S.D., 332 F. Supp. 341, 343 (1971).

The defendant's commendable interest in public safety will not legitimize a statute contravening the guarantees of due process. K.R.S. 186.565 is hereby declared unconstitutional insofar as it denies notice and hearing prior to license revocation.