**Denver SLONE, Plaintiff-Appellee,**

v.

**KENTUCKY DEPARTMENT OF TRANSPORTATION et al., Defendants-Appellants.**

**No. 74–2163.**

United States Court of Appeals, Sixth Circuit.

April 3, 1975.

Perry Lewis, William L. Willis, Gen. Counsel, Dept. of Transp., Mary Jo Arterberry, Div. of Hearings, Phillip H. Doty, Staff Atty., Frankfort, Ky., for defendants-appellants.

Paul Fauri, Prestonsburg, Ky., Dean Hill Rivkin, Appalachian Research & Defense Fund of Kentucky, Inc., Lexington, Ky., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and PECK and McCREE, Circuit Judges.

PER CURIAM.

Kentucky, like a majority of states, has enacted an "implied consent" law designed to aid in the battle to keep drunk drivers off the public highways. That statute, K.R.S. 186.565, reads in pertinent part as follows:

"Any person who operates a motor vehicle in this state is deemed to have given his consent to a chemical test . . . for the purpose of determining the alcoholic content of his blood, if arrested for any offense arising out of acts alleged to have been committed while the person was driving or in actual physical control of a motor vehicle in this state while under the influence of intoxicating beverages." K.R.S. 186.565(1).

A driver may choose to withdraw his consent to the chemical test, but only upon pain of losing his license for six months:

"If a person under arrest refuses upon the request of a law enforcement officer to submit to a chemical test . . . the requesting officer shall warn the person of the effect of his refusal to submit to the test. If the person again refuses, none shall be given, but the department of public safety, upon the receipt of a sworn report of the law enforcement officer that he had reasonable grounds to believe the arrested person had been driving . . . in this state while under the influence of intoxicating beverages, that the person refused to submit to the test upon the request of the law enforcement officer, and that the person again refused to submit to the test after the law enforcement officer warned him of the effect of his refusal, shall revoke the license or permit of the person refusing to take the test for a period of . . . six months . . .." K.R.S. 186.565(3).

The net effect of these two provisions is to encourage a driver to submit to a test, the result of which can be used as evidence, either inculpatory or exculpatory, in a trial on the charge of driving while under the influence. The six month revocation section provides the encouragement.

The case before us presents the incredible circumstance of a Kentucky motorist whose driver's license was revoked for refusal to take a breathalyzer test, when in fact he took the test. Denver Slone, plaintiff-appellee herein, was arrested on a charge of operating a motor vehicle while under the influence of intoxicating beverages by a Kentucky State Police officer on December 7, 1973. He was taken to a police station where, with his consent, the arresting officer administered a breathalyzer test. Nevertheless, the police officer submitted a sworn report, dated December 17, 1974, to the Department of Transportation (hereinafter "the Department"), which stated that Denver Slone had refused, after a warning as to possible consequences, to submit to a chemical test. On January 9, 1974, Slone was advised by the Department that his right to drive was revoked for six months due to his "refusal to submit to a chemical test. 186.565(3)." Although he had a statutory right to a post-revocation hearing (K.R.S. 186.565(4)), the letter from the Department did not inform him of this right.

Trial on the charge underlying his arrest was set for January 17, 1974, but was continued to February 14, 1974, when the arresting officer failed to appear. The case was "filed away" by the court * because the officer did not appear on the second day set for the trial. Soon thereafter, Slone contacted the Department seeking reinstatement of his license. He was informed that the filing away of the charge had no bearing on the revocation and that, in any event, since no request for a hearing had been

---

* In Kentucky this procedure is equivalent to placing the case on the inactive docket. For a full discussion of this procedure, see Van Arsdale v. Caswell, 311 S.W.2d 404 (Ky.1958); see also United States v. Renner, 496 F.2d 922, 926 n.2 (6th Cir. 1974).

made within ten days from the receipt of the letter, the revocation would remain in effect until June 7, 1974.

Slone instituted the instant suit in the district court as a class action seeking damages, injunctive and declaratory relief in May 1974. Slone struck the prayer for damages prior to the initial hearing, the district court subsequently denied certification as a class action, and Slone thereafter withdrew his request for injunctive relief. The only remaining requested relief was for a declaration that K.R.S. 186.565 was unconstitutional because it violated the due process and equal protection clauses of the Constitution in mandating prehearing revocation. After the filing of this lawsuit, but before the district court considered the merits of the dispute, the Department, upon request and payment of a $5.00 reissuance fee, reinstated Slone's license. The district court, brushing aside a suggestion of mootness, declared that "K.R.S. 186.565 is . . . unconstitutional insofar as it denies notice and hearing prior to license revocation." Slone v. Kentucky Department of Transportation, 379 F.Supp. 652 (E.D.Ky.1974). The Department perfected this appeal.

The problems in the present case do not arise from infirmities in the statute but grow out of the malfeasance or negligence of police and administrative personnel: (1) The arresting officer filed a false affidavit averring that Slone had refused to take the test when in fact he had submitted to the test; (2) the Department of Transportation failed to inform the driver of his right to an administrative hearing; (3) the arresting officer failed to appear at the scheduled trials on the drunken driving charge (not to mention the failure of the court to require such appearance); and (4) the Commonwealth attorneys exercised poor judgment in permitting this case to go to trial rather than asking for its dismissal on these facts. The revocation of Slone's license was patently invalid under Kentucky law. In light of this fact, we find it unnecessary to reach the constitutional arguments raised by Slone and relied upon by the district court.

For the reason hereinabove set out, the judgment of the district court is affirmed.