David DOREMUS and Valerie Doremus, husband and wife; Red River Corporation, an Idaho corporation, Plaintiffs,

v.

UNITED STATES of America, United States Department of Agriculture, an agency of the United States; Jack Parnell, presently Acting Secretary of Agriculture of the United States; Dale Robertson, in his capacity as Chief of the United States Forest Service; John Mumma, in his capacity as Regional Forester, Region 1, U.S. Forest Service; Dave Poncin, presently Acting Forest Supervisor, Nez Perce National Forest; Steve Williams, District Ranger, Red River Ranger District, Nez Perce National Forest, Defendants.

Civ. No. 91–0235–N–HLR.

United States District Court,
D. Idaho.

May 6, 1992.

Barry L. Marcus, Marcus, Merrick & Montgomery, Boise, Idaho, for plaintiffs.

Maurice O. Ellsworth, U.S. Atty., D. Idaho, D. Marc Haws, Asst. U.S. Atty., Boise, Idaho, for defendants.

## ORDER DENYING MOTION TO DISMISS AND SETTING DEADLINES

HAROLD L. RYAN, District Judge.

Currently before the court is the plaintiffs' Motion for Summary Judgment, filed on January 6, 1992. In response, the defendants, on January 24, 1992, filed their Motion to Dismiss, and a memorandum in support of their Motion to Dismiss and in opposition to the plaintiffs' Motion for

Summary Judgment. The plaintiffs filed their reply on February 14, 1992. The court heard oral arguments on these motions on April 10, 1992; therefore, the motions are ripe for review.

## I. FACTS AND PROCEDURE

This case arises out of a decision by the United States Forest Service (USFS) to revoke the plaintiffs' 1987 special use permit for a facility site known as the Red River Hot Springs. Red River Hot Springs is a naturally hot, mineral spring located in the Red River Ranger District, Nez Perce National Forest, in the vicinity of Elk City, Idaho. For many years, the site has been operated as a resort facility under special use permits granted by the USFS. Pursuant to those permits, the site has been developed by permit holders to include the construction of a swimming pool, bath house with dressing rooms, restaurant facility, tourist cabins, and related recreational services.

Prior to 1987, the facilities were owned by Red River Corporation, an Idaho corporation. This corporation was also the holder of the special use permit issued by the USFS. The corporation stock was owned and held by J. Carroll Adkison and Virginia Adkison. In March of 1987, a renewed special use permit was issued by the USFS to Red River Corporation. The permit provided for a term period of 20 years and contained numerous provisions and conditions relative to the operation of the facility, including requirements of capital and maintenance improvements to the facility.

Subsequent to the issuance of this renewed permit, the stockholders decided to sell their interest in the corporate stock to the plaintiffs, David Doremus and Valerie Doremus. In January of 1990, the parties entered into a contract to purchase the stock of the corporation. During the spring of 1990, Valerie Doremus, on behalf of Red River Corporation, assumed management of the resort and performed substantial capital and maintenance improvements.

In August of 1990, the District Ranger advised the Adkisons that the USFS was concerned about some on-site management problems and that if these problems were not corrected by September 10, 1990, he would recommend that the special use permit be revoked. Subsequently, the District Ranger recommended to the Forest Supervisor that the 1987 permit be revoked. The Forest Supervisor in turn made this same recommendation to the Regional Forester. On December 13, 1990, the Regional Forester entered a decision revoking the special use permit and requiring the plaintiffs to remove substantial improvements from the permit lands by September 30, 1991. It is undisputed that the decision to revoke the permit became "final agency action" when the Chief of the USFS dismissed the plaintiffs' administrative appeal. It is this final agency action which constitutes the heart of this dispute.

After exhausting available administrative appeal remedies, and after refusal by the Secretary of Agriculture to review this case, on June 17, 1991, the plaintiffs instituted this action for judicial review under the Administrative Procedure Act, 5 U.S.C. § 701, et seq. In their complaint, plaintiffs requested that the court stay the agency actions in this matter pending judicial review of these actions, and also requested that the court reverse, vacate and set aside the decision of the USFS to revoke the 1987 permit.

On July 16, 1991, the plaintiffs filed a Motion for Stay of Administrative Action in order to protect their interests in the improvements which the USFS had ordered removed by September 30, 1991. This court granted the stay order on August 2, 1991, which stayed the implementation of any administrative action taken after October 11, 1990. See Order Granting Pls' Mot. Stay Administrative Action, filed Aug. 2, 1991.

During arguments on the motion to stay, the court also requested that the parties attempt to resolve their differences and requested that the parties file a joint status report as to their efforts along those lines. On October 11, 1991, the parties filed a joint status report and advised the court that new USFS personnel were now work-

ing with the plaintiffs in an attempt to resolve this matter. The parties also advised that to date the matter had not been resolved through settlement and that the case was ripe for dispositive motions. Subsequent to the filing of this status report, the plaintiffs filed the Motion for Summary Judgment and the government filed its Motion to Dismiss.

## II. ANALYSIS

### A. *Summary of Arguments*

In their Motion for Summary Judgment, the plaintiffs have requested that this court reverse the decision of the Regional Forester which revoked the 1987 permit. The plaintiffs argue that there are no substantial issues of material fact to be litigated, and therefore, they are entitled to summary judgment in that none of the factual allegations have been disputed or controverted by the government. Mot.Summ.J., filed Jan. 6, 1992, at 2. The court will not, at this point, summarize and address in detail the allegations asserted by the USFS in support of its decision to revoke the permit, but instead will merely give an overview of the plaintiff's Motion for Summary Judgment for reasons which will be self-explanatory in the balance of this order.

The plaintiffs assert that it is clear from the record that none of the reasons advanced by the Regional Forester as grounds for revoking the permit are substantiated by the record. In addition, plaintiffs argue that the reasons were arbitrary and capricious, or contrary to existing law. Mem.Supp.Mot.Summ.J., filed Jan. 6, 1992, at 2–4. The plaintiffs argue that the Regional Forester failed to make his own analysis as to why the permit was being revoked, but rather, simply relied on the erroneous unsubstantiated conclusions of his subordinates. Therefore, the decision was patently defective. *Id.* at 8–10.

In addition, the plaintiffs continue to assert that the USFS has simply failed to demonstrate a rational basis for revocation. They argue that the asserted instances of "non-compliance" were either groundless to begin with or immediately corrected

upon notice. *Id.* at 11–14. They further assert that the USFS failed to comply with the Administrative Procedure Act and the basic requirements of due process when it decided to revoke the permit. *Id.* at 14.

The plaintiffs acknowledge that Acting Regional Forester Hughes has, by letter dated December 13, 1991, purported to withdraw and rescind the revocation decision. The plaintiffs assert that this most recent decision implicitly recognizes that the decision to revoke should be reversed. However, plaintiffs further assert that they are still entitled to a definitive judicial ruling on the agency's interpretations of the permit and the relevant regulations in that a mere reversal will not be sufficient or effective in preventing future similar conduct by the agency. *Id.* at 15–17. The plaintiffs question whether the agency's unilateral decision can divest this court of jurisdiction given the facts and circumstances surrounding this case. The plaintiffs conclude by asserting that the court needs to address and rule upon 17 different points regarding the agency's conduct.

In response to the plaintiffs' motion, the government filed a Motion to Dismiss. Rather than address the merits of plaintiffs' Motion for Summary Judgment, the government argued in its Motion to Dismiss that the relief sought by the plaintiffs has been administratively granted, and therefore, the case should be dismissed as moot. Mot. to Dismiss, filed Jan. 24, 1992, at 2. The government argues that the action previously taken by the agency is without likelihood of repetition and, therefore, dismissing the action is the appropriate remedy.

The government, in its memorandum and in argument, takes the position that due to the unilateral decision of the Acting Regional Forester, the parties are now under the status quo of the 1987 permit; thus, there are no issues of material fact in dispute that require court resolution. Def. United States' Mem.Supp.Mot. to Dismiss, filed Jan. 24, 1992, at 4. Although acknowledging that the decision to revoke was reversed, the government still maintains that the permit was revoked for cause

and there were adequate grounds to revoke the permit in the first instance. The government asserts that the only reason the decision to revoke was reversed by the Acting Regional Forester was to show the agency's good faith efforts to cooperate with the permittee to resolve this matter. *Id., see* n. 1.

The government also attempts to allay plaintiffs' concerns regarding four specific areas which plaintiffs complained about in their Motion for Summary Judgment. The government, having conceded that its position regarding the effect of the transfer of corporate stock was in error, argues that this issue is now moot. The government disagrees with the plaintiffs' position regarding the application of 5 U.S.C. § 558(c) to revocation of special use permits. The government also asserts that they will not revoke the permit in the future based strictly upon the grounds that the resort was not open 365 days of each year; instead, the government proposes working with the plaintiffs to reach an amicable solution to this permit requirement.

Finally, in regards to the question of whether an on-site representative will be required to be on the facility at all times, the government also promises not to revoke the 1987 permit as long as the plaintiffs have someone on the site at all times who has authority to act on behalf of the corporation. Based upon these very limited assurances, the government argues that the remedy that the plaintiffs seek is now mooted by the position taken by the government. *Id.* at 5–8.

The government argues that due to the fact that the plaintiffs have been allowed to operate under the 1987 permit, and the fact that the parties are in the process of negotiating new permit terms which are mutually acceptable, this matter should be dismissed. As legal authority for its mootness argument, the government cites the court to *Murphy v. Hunt,* 455 U.S. 478, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982), and *County of Los Angeles v. Davis,* 440 U.S. 625, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979), for the proposition that it is appropriate for the court to dismiss an action when the

issues presented are no longer live and there is no reasonable expectation that the alleged violation will recur. The government asserts that the issues are no longer live due to the fact that the permit has been reinstated.

In addition, the government strongly asserts that this case does not fall within the "capable of repetition, yet evading review" exception to the mootness doctrine. The government argues that there is no reasonable expectation, given the agency's assurances, that plaintiffs will be subjected to the same action again. There is no effective relief that can be granted to the plaintiffs, according to the government. Finally, the government asserts that any future administrative action on the 1987 permit can still be challenged by the plaintiffs by exercising the proper administrative and judicial appeal process. *Id.* at 11–12.

In reply to the government's position, the plaintiffs note that the government has failed to respond to the merits of plaintiffs' Motion for Summary Judgment, and therefore, summary judgment is still appropriate. In addition, the plaintiffs argue that this case was not mooted by the unilateral action of the government in rescinding its prior order. The plaintiffs argue that the court can still grant effective relief, especially given the fact that the government still maintains that it had adequate grounds to revoke the permit in the first instance. Reply Mem.Supp.Mot.Summ.J. and Opp'n Mot. to Dismiss, filed Feb. 14, 1992, at 4–7.

The plaintiffs argue that given the government's position, and the fact that the permit still has a life of 15 years, it is very conceivable that there will be a likelihood of resumption of the same agency actions which form the basis of the complaint presently before the court. *Id.* (*citing, Northwest Envtl. Defense Ctr. v. Gordon,* 849 F.2d 1241, 1245 (9th Cir.1988)). The plaintiffs also note that the assurances given by the government will not protect the plaintiffs against future difficulties. Since the government has specifically rejected the applicability of Section 558(c) of the Administrative Procedure Act which deals with minimum due process proce-

dures and has refused to concede that the resort does not have to be open 365 days a year and that a representative does not have to be on the site at all times, the plaintiffs assert that repetition is very likely.. In addition, the plaintiffs note that the government has failed to make any reassurances regarding any of the other important issues in the case. *Id.* at 10–11, n. 11. The plaintiffs conclude by arguing that the government's unilateral decision does not divest this court of its jurisdiction. They argue that the government can not attempt to avoid judicial review simply by voiding its own decisions. *Id.* at 13–14.

### B. *The Court's Findings*

■ The threshold issue that this court must address is whether or not it has jurisdiction to review the actions taken by the agency, given the agency's attempt to withdraw its revocation decision. It is well established that this court's review of the agency's action is limited by the requirement that there be an actual, live controversy to adjudicate. *Campesinos Unidos v. United States Department of Labor*, 803 F.2d 1063, 1067 (9th Cir.1986) (*citing Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 72–73, 104 S.Ct. 373, 375–76, 78 L.Ed.2d 58 (1983)). In this case, the government argues that no live controversy exists because the agency has withdrawn the decision in question, and therefore, the case should be dismissed as moot. The plaintiffs, on the other hand, strongly submit that this case falls within the exception to the mootness doctrine, known as the "capable of repetition, yet evading review" exception.

■ The court notes that the party asserting that the claims are moot—in this case the government—is under a "heavy burden." If this were not the case, the party arguing that the claims were moot could simply return to his old ways after the threat of the pending lawsuit passed. *Armster v. United States District Court*, 806 F.2d 1347, 1359 (9th Cir.1986); *Doe v. Harris*, 696 F.2d 109, 112 (D.C.Cir.1982); *County of Los Angeles v. Davis*, 440 U.S.

625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979). This is especially true when an agency claims that the case has become moot due to subsequent actions taken by the agency itself. In *Natural Resources Defense Council v. United States Environmental Protection Agency*, 595 F.Supp. 1255 (S.D.N.Y.1984), the court succinctly stated the applicable standard that a court should apply when addressing cases in which the agency has attempted to avoid judicial review by reversing or withdrawing its own decision. In *Natural Resources*, the court stated that:

> "Courts are understandably reluctant to permit agencies to avoid judicial review, whenever they choose, simply by withdrawing the challenged rule." *Dow Chemical Co. v. E.P.A.*, 605 F.2d 673, 678 (3d Cir.1979).

> Where a court is asked to adjudicate the legality of an agency order, it is not compelled to dismiss the case as moot whenever the order expires or is withdrawn. *Consideration of important legal issues ought not to be, as they might be, defeated by short term orders, capable of repetition yet evading review.*
> *Nadar v. Volpe*, 475 F.2d 916, 917 (D.C.Cir.1973) (*quoting Southern Pacific Terminal Co. v. Interstate Commerce Commission*, 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 ... (1911)). *Moreover, when an administrative agency withdraws an order while still maintaining that the legal position is justified, repetition is likely and the claim should not be considered moot.*

*Id.* at 1263 (emphasis added). *See also Armster v. United States District Court*, 806 F.2d 1347 (9th Cir.1986), where the court stated that, "[i]t has long been recognized that the likelihood of recurrence of challenged activity is more substantial when the cessation is not based upon a recognition of the initial illegality of that conduct." *Id.* at 1359 (citation omitted).

■ The Supreme Court, in *County of Los Angeles v. Davis*, 440 U.S. 625, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979), stated that before a federal court can dismiss a case as

moot, two conditions must be satisfied. First, the court must conclude that there is no reasonable expectation that the alleged violation will recur. Second, it must be clear from the record that interim relief or events *have completely and irrevocably eradicated* the effects of the alleged violation. *Id.* at 631, 99 S.Ct. at 1383 (emphasis added); *see also Doe v. Harris*, 696 F.2d at 111. In other words, the question that the court must address is, whether the plaintiffs have shown a likelihood that the harm it claims to have suffered, i.e., the revocation of the permit, is likely to occur again, and if so, whether the harm would again evade review. If the improper conduct is likely to be repeated, the harm is capable of repetition, and there still exists a proper controversy for adjudication. *Campesinos Unidos v. United States Department of Labor*, 803 F.2d at 1067.

Having reviewed the record herein, and otherwise being very familiar with the nature and circumstances involving the numerous disputes between the plaintiffs and the USFS, the court finds that the government has not shouldered the heavy burden of demonstrating mootness. The court finds that neither condition of *Davis* has been met in this case.

As to the first condition of *Davis*, the court finds that the government has failed to convince this court that the conduct of which the plaintiffs are complaining will not recur. The government's blanket reassurances that certain issues complained of will not occur again only convinces this court that there is a reasonable possibility that somewhere down the road the plaintiffs will be subjected to the same agency action regarding the permit. If the court does not step in now and address the issues regarding what grounds can form the basis for revoking the permit, the agency will be free to attempt to revoke or suspend the 1987 permit on the same grounds that the plaintiffs now allege were wrongful.

What is even more troubling to the court is that when the agency finally decided to rescind its revocation decision, it continued to stand on the legality of the agency's decision to revoke in the first instance.

From this "reservation of rights" type of decision making, it only stands to reason that the USFS may attempt to revoke the permit for the same grounds as before should the current "cooperation" attitude recently adopted by the agency change for some reason. Thus, the court finds that there is a reasonable expectation that the plaintiffs will again be subjected to the same agency conduct that they now allege to be unlawful.

Moreover, the court is further convinced that the agency's action is likely to be repeated by the fact that it only made assurances regarding a handful of the complaints being asserted by the plaintiffs. There are other important issues that the government either strongly continues to disagree with, or which it has failed to address at all. The proffered assurances against recurrence are insufficient given the nature of the claims being asserted by the plaintiffs and given the fact that these assurances are not supported by affidavits of the current USFS personnel who will be dealing directly with the plaintiffs.

The court simply cannot find that the risk that the plaintiffs in this case must take, if the court were to dismiss this action, would be negligible given the attitude and position of the USFS and the history that exists between these parties. The plaintiffs' concern about future similar conduct by the USFS is certainly not misplaced or unwarranted given the facts underlying the dispute in this case. If the USFS is indeed not interpreting the permit and the regulations in a manner that is consistent with the applicable laws, then the plaintiffs should be able to have these issues resolved by the court now, while these issues are before the court.

As to the second condition of *Davis*, the court finds that it is far from plain that the government's assurances and responses to the plaintiffs' complaints have "completely and irrevocably eradicated the effects of the alleged violation." The plaintiffs in this case have challenged the numerous grounds asserted by the USFS in support of its revocation decision. The plaintiffs have asserted that the grounds underlying

the revocation decision are either not supported by the record, were captious and arbitrary, or constituted violations of certain procedural protections. The government has only made a halfhearted attempt to make various assurances that the agency will not dispute certain issues, or will try to work out solutions regarding various permit requirements. The court finds that this effort falls way short of making a showing that the plaintiffs' concerns have been completely and irrevocably eradicated. The government has not made a sufficient showing that the permit will not be revoked or suspended on the same grounds that the plaintiffs allege were wrong initially. The agency's unilateral decision to rescind its revocation decision does not completely dispel the harm that plaintiffs have alleged in their complaint. There is nothing in this record which would keep the agency from taking the same action on the 1987 permit that they took in December of 1990.

## C. *Summary*

In summary, the court finds that this case is not moot. Despite the agency's action to rescind its prior decision, this case retains its vitality. If this attitude of cooperation that the USFS has only recently adopted should dissipate for whatever reason, the USFS might once again attempt to revoke or suspend the permit for the same reasons it did in 1990. The plaintiffs, therefore, are entitled to have this court consider the merits of their demands and issue a decision regarding whether the agency's action in this case was warranted and within the law.

Having addressed the initial issue of mootness, the only issue that remains is whether the court should grant the plaintiffs' Motion for Summary Judgment. During oral arguments, counsel for the government represented to the court that it was his impression that by filing the Motion to Dismiss, the government reserved its right to address the merits of the Motion for Summary Judgment; that is, counsel asserted that since the Motion to Dismiss addressed the preliminary issue of mootness, its motion should have preserved the government's right to address the facts

and merits of the plaintiffs' Motion for Summary Judgment. The government failed to cite any authority or rule upon which it based this impression.

During oral argument, after it realized that the court seriously questioned the position being taken by the government, counsel for the government, at the court's request, attempted to address the merits of plaintiffs' Motion for Summary Judgment. However, the court finds that given the unorganized and piecemeal manner in which this attempt was made, the comments made by counsel, without the benefit of a written memorandum, were not helpful in resolving the disputed questions. Although the court seriously questions the government's tactics in respect to its decision not to file a response to the Motion for Summary Judgment, the court will exercise its discretion and allow the government to supplement the record by filing its response to plaintiffs' Motion for Summary Judgment. The court reluctantly grants the government this opportunity only because it is the policy of the court to address every case on the merits, if at all possible.

If the government finds it necessary to cite to any document contained in the administrative appeal record, the court requests that the government cite the court to the "HS" series of documents already contained in the record. This will avoid duplicity and keep the record manageable. Furthermore, the court strongly recommends that the government address each of the 17 areas listed on pages 18–23 of plaintiffs' memorandum, on which the plaintiffs have requested a ruling from this court.

## III. ORDER

Based upon the foregoing, and the court being fully advised in the premises,

IT IS HEREBY ORDERED that the government's Motion to Dismiss, filed January 24, 1992, should be, and is hereby, DENIED.

IT IS FURTHER ORDERED that the government, on or before May 13, 1992, shall file with the clerk of this court its

response to the merits of plaintiffs' Motion for Summary Judgment.

IT IS FURTHER ORDERED that the plaintiffs, on or before May 20, 1992, shall file with the clerk of this court their reply, if any, to the government's response.