**Joseph M. BERINGHELLE et al.,**
**Plaintiffs-Appellants,**

**v.**

**Elliott L. RICHARDSON, Secretary of**
**Health, Education and Welfare,**
**et al., Defendants-Appellees.**

**No. 25095.**

United States Court of Appeals,
Ninth Circuit.

March 13, 1972.

Frank C. Morales (argued), of Lemarie, Mohi, Morales, Dumas & Song, Los Angeles, Cal., for plaintiffs-appellants.

Robert Kopp (argued), Morton Hollander, Dept. of Justice, William D. Ruckelshaus, Asst. Atty. Gen., Civil Division, Washington, D. C., William D. Keller, U. S. Atty., Los Angeles, Cal., for defendants-appellees.

Before MERRILL, DUNIWAY and CHOY, Circuit Judges.

DUNIWAY, Circuit Judge:

Appellants are physical therapists licensed to practice by the State of California under a so-called "grandfather" statute, Cal.Bus. & Prof.C. § 2626. However, when they filed their action in the District Court on July 16, 1969, they did not meet the educational standards then prescribed by the Secretary of Health, Education and Welfare for physical therapists performing certain types of work at health care facilities which seek to qualify for federal payments under the Health Insurance for the Aged Act (Medicare), 42 U.S.C. § 1395 et seq. The Secretary's regulations then in effect appeared at 20 C.F.R. §§ 405.1126 and 405.1229. The purpose of the appellants' action was to have the regulations declared invalid as applied to them and to other licensed California physical therapists similarly situated. The trial court upheld the Secretary's regulations and entered a judgment of dismissal, and plaintiffs appealed.

While the appeal was pending, the Secretary amended his regulations. He then moved to dismiss the appeal as moot. We heard the appeal and the motion together.

The Secretary's new regulation, 20 C. F.R. §§ 405.1126 and 405.1229 as amended, 36 Fed.Reg. 19249, now contains a "grandfather" provision. Appellants' counsel concedes that most of the appellants are now eligible under the regulations. As to them, the case is clearly moot.

Counsel also says, however, that some of those whom he represents would not be eligible under the new regulations, and he argues that their exclusion is just as arbitrary and unlawful under the new regulations as he claims that it was under the old ones. This contention was never before the District Court. We believe that that court, not this one, should first pass on it.

Accordingly, the judgment is vacated and the case is remanded to the District Court with directions to dismiss the action as to those plaintiffs whose claims are moot, and to take such further proceedings as may be appropriate.