**The NATIONAL ASSOCIATION FOR the ADVANCEMENT OF COLORED PEOPLE, et al., Plaintiffs,**

v.

**Griffin B. BELL, et al., Defendants.**

**Civ. A. No. 75–1317.**

United States District Court,
District of Columbia.

Aug. 16, 1977.

For original opinion see 418 F.Supp. 1109 (1976).

J. Francis Pohlhaus, Washington, D. C., James I. Meyerson, New York City, for plaintiffs.

Daniel F. Rinzel, Bruce J. Berger, Dept. of Justice, Washington, D. C., for defendants.

SUPPLEMENTAL MEMORANDUM
ORDER

BARRINGTON D. PARKER, District Judge.

On July 12, 1977, the parties to this litigation moved jointly to dismiss these proceedings without prejudice to renewal by the plaintiffs. The basis of this request was an announced policy of the Honorable Griffin B. Bell, Attorney General of the United States,[1] dealing with federal prosecution for violation of criminal civil rights statutes. The primary objective of the plaintiffs in this cause of action was to ensure that the United States Department of Justice did not fail to vindicate federally protected interests by not prosecuting local law enforcement officers alleged to have violated federal criminal civil rights statutes simply because state or local authorities had already prosecuted those officers for state or local offenses arising from the same conduct. The Attorney General, however, has recently issued a memorandum that states that federal prosecution will be instituted

1. When the action was instituted on August 12, 1975, Mr. Edward Levi was the Attorney General of the United States. He has since resigned that office and the Court, *sua sponte*, has substituted the present incumbent, Griffin B. Bell, as party defendant.

 

whenever necessary to vindicate federally protected interests, regardless of whether prior state prosecution has occurred.[2] Since this memorandum is in accord with the policy objectives which underlie this suit and, in any event, may have rendered this cause of action moot,[3] the parties have concluded that no useful purpose would be served by the continued litigation of this lawsuit.

Accordingly, it is this 16th day of August, 1977,

ORDERED that the cause of action is dismissed without prejudice to reinstitution of the lawsuit in the event that the defendants fail to comport with the standards set forth in the aforementioned memorandum, Exhibit A hereto, and without prejudice to the plaintiffs' right to petition for attorneys' fees.

Exhibit A

## MEMORANDUM TO ALL UNITED STATES ATTORNEYS AND ALL HEADS OF OFFICES, DIVISIONS, BUREAUS AND BOARDS OF THE DEPARTMENT OF JUSTICE

SUBJECT:   Dual Prosecution Policy in Cases Involving
                   Violations of Civil Rights

By memorandum dated April 6, 1959, former Attorney General Rogers set forth Department of Justice policy guidelines regarding federal prosecution of an individual where there has already been a state prosecution of that individual for substantially the same act or acts.

I have reviewed this policy as it applies to cases involving the violation of federal statutes pertaining to civil rights. It is my belief that these statutes protect interests which merit enforcement in their own right, regardless of whatever related enforcement action has been taken by the states. Accordingly, the policy which I shall, follow in considering recommendations from U.S. Attorneys regarding separate federal prosecutions is that each and every allegation of a violation of the civil rights laws shall be evaluated on its own merits, with the determining factor being whether or not a federal prosecution is likely to vindicate rights sought to be protected by those laws. The April 6, 1959 guidelines are hereby modified to the extent they are inconsistent with this policy.

GRIFFIN B. BELL
Attorney General

---

**2.** The policy statement is attached hereto as Exhibit A.

**3.** See e. g., Boxley v. Rodgers, 129 U.S.App. D.C. 408, 395 F.2d 631 (1968); Beringhelle v.

Richardson, 457 F.2d 345, 346 (9th Cir. 1972). See also Nader v. Volpe, 154 U.S.App.D.C. 332, 333–34, 475 F.2d 916, 917–18 (1973).